UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DX/DY VOICE PROCESSING, INC., an Arizona corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TELIGENCE CORPORATION, a British Columbia corporation; TELIGENCE (CANADA) LTD., a British Columbia corporation; TELIGENCE (US), INC., a Nevada corporation; TELIGENCE HOLDINGS INC., a Nevada corporation; ROBERT J. MADIGAN, a citizen of Canada; JOHN MADIGAN, a citizen of Canada; FIRST MEDIA GROUP, INC., a Canadian corporation; FIRST MEDIA GROUP LLC, a Delaware corporation; and JOHN DOES 1-100;<br><br>    Defendants. | NO. CV-07-059-EFS<br><br>**ORDER DENYING MADIGAN DEFENDANTS' MOTION TO DISMISS, MOTION TO SUBMIT UNPUBLISHED DECISIONS AND MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT** |

On August 21, 2007, the Court held a hearing in the above-captioned matter. John Christopher Lynch appeared on behalf of Plaintiff DX/DY Voice Processing, Inc. James C. Brooks appeared on behalf of Madigan Defendants. Before the Court was Madigan Defendants' Motion to Dismiss Plaintiff DX/DY Voice Processing Inc.'s Complaint for Patent Infringement (Ct. Rec. 33), Motion for Leave to Submit Unpublished Decisions in

ORDER * 1

Support of Rule 12(b)(6) Motion to Dismiss (Ct. Rec. 36), and Motion to Strike DX/DY's First Amended Complaint (Ct. Rec. 58 at 16).  Also before the Court was Plaintiff's Motion for Leave to File Amended Complaint (Ct. Rec. 41.)  After reviewing submitted material and hearing oral argument, the Court was fully informed.  The Court denies Madigan Defendants' motion to dismiss, motion to submit unpublished opinions, and motion to strike.  The Court grants Plaintiff's motion to amend its complaint.  The reasons for the Court's order are set forth below.

## I. Background

This case concerns the alleged infringement of U.S. Patent Number 7,116,768 ("the '768 patent"), entitled "Collect Callback."  The '768 Patent was issued on October 3, 2006, and is owned by Plaintiff.  Plaintiff alleges that Defendants, including the Madigans, infringe the '768 Patent by making, using, selling, and offering to sell a collect callback service that is covered by the '768 Patent, violating 35 U.S.C. §§ 271(a), (b) and (c).  Plaintiff seeks damages under 35 U.S.C. § 284, an injunction under 35 U.S.C. § 283, and attorney fees under 35 U.S.C. § 285.  Madigan Defendants assert that Plaintiff's Complaint pleads insufficient facts to establish that the Madigans are personally liable for patent infringement.

## II. DISCUSSION

**A. Motion to Dismiss**

Madigan Defendants move to dismiss the patent infringement claim against them on the basis that the Complaint pleads insufficient facts to support that the Madigans are personally liable for infringement. (Ct. Rec. 34 at 2.)  Plaintiff responds that its original Complaint

1  adequately states a claim against the Madigan Defendants for infringing
2  the '768 Patent under 35 U.S.C. §§ 271(a), (b), and (c).  (Ct. Rec. 40
3  at 3-4.)

4      A motion to dismiss pursuant to Federal Rule of Civil Procedure
5  12(b)(6) tests the legal sufficiency of the claims asserted in the
6  complaint.  FED. R. CIV. PROC. 12(b)(6); *Navarro v. Block*, 250 F.3d 729,
7  731 (9th Cir. 2001).  A Rule 12(b)(6) motion to dismiss will not be
8  granted unless it appears beyond a doubt that plaintiff cannot prove a
9  set of facts to support the claim that would entitle the plaintiff to
10 relief.  *Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999).

11     In deciding a motion to dismiss for failure to state a claim, the
12 court's review is generally limited to the complaint's contents.
13 *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  The court
14 must accept all factual allegations pled in the complaint as true, and
15 must construe them and draw all reasonable inferences from them in favor
16 of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336,
17 337-38 (9th Cir. 1996).

18     In spite of the deference the court is bound to pay to the
19 plaintiff's allegations, it is not proper for the court to assume that
20 "the [plaintiff] can prove facts which [he or she] has not alleged."
21 *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*
22 *Carpenters*, 459 U.S. 519, 526 (1983).  If the court finds that the
23 complaint is insufficient as pled, the court should provide plaintiff
24 with an opportunity to amend the complaint unless the pleading "could not
25 possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203
26 F.3d 1122, 1127 (9th Cir. 2000).

ORDER ~ 3

Here, drawing all reasonable factual inferences in Plaintiff's favor, the original Complaint states a claim against the Madigan Defendants for infringing the '768 Patent. To be sure, Plaintiff's original Complaint lacks the depth the First Amended Complaint contains. But Rule 8(a)(2) does not require that the plaintiff plead with particularity the specific patent claims that have been infringed, just that the plaintiff give 'fair notice' of the claim and its basis. *Sagana v. Tenorio,* 384 F.3d 731, 736 (9th Cir. 2004).

Paragraph 5 of Plaintiff's original Complaint alludes that the Madigan Defendants directly infringed the '768 Patent under 35 U.S.C. § 271(a) by owning, operating, and selling the pay-per-call telephone services. (Ct. Rec. 1 at 3.) Paragraphs 4 and 16, along with Paragraph 5, allude that the Madigan Defendants infringed the '768 Patent under 35 U.S.C. §§ 271(b) & (c) by offering the Collect Callback services to third parties. (Ct. Rec. 1 at 2, 3.) Together, these are allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.

Taking into account Plaintiff's typographical errors, Rule 8(a)(2)'s pleading requirements, and the allegations set forth in Paragraphs 4, 5, and 16, the Court concludes that the facts outlined in Plaintiff's original Complaint could entitle Plaintiff to relief. Accordingly, Madigan Defendants' Motion to Dismiss is DENIED.

**B. Motion to Submit Unpublished Decisions**

Madigan Defendants ask the Court to permit citation to three unpublished decisions that are instructive on a Rule 12(b)(6) analysis involving patent infringement. (Ct. Rec. 38 at 3.) Plaintiff responds

that the three decisions are not on point and that the Court should honor Local Rule 7.1(g)(2). (Ct. Rec. 40 at 7.)

A motion to cite to unpublished decisions is governed by Local Rule 7.1(g)(2), which provides: "Unpublished decisions may not be cited, except that (a) unpublished Ninth Circuit decisions may be cited in accordance with Circuit Rule 36-3, and (b) unpublished Eastern District of Washington decisions may be cited when relevant under the doctrines of law of the case, res judicata, or collateral estoppel."

Here, the Court declines to depart from LR 7.1(g)(2) and allow citation to unpublished decisions. There is sufficient published case law for the Court to be fully informed. Accordingly, Madigan Defendants' motion to submit unpublished decisions is DENIED.

**C. Motion to Strike**

Madigan Defendants argue that Plaintiff's accusations in its First Amended Complaint, including claims that Madigan Defendants defrauded Teligence employees and creditors, avoided taxes, and obfuscated bookkeeping, are immaterial, impertinent, and scandalous under Rule 12(f). (Ct. Rec. 58 at 16.) Plaintiff responds that the First Amended Complaint's allegations are true and directly relevant to the Madigan Defendants' personal liability for patent infringement. (Ct. Rec. 63 at 8.)

Under Federal Rule of Civil Procedure 12(f), a court has the discretion to strike a pleading, or portions thereof, that is redundant, immaterial, impertinent, or scandalous. *Federal Savings & Loan v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must

ORDER * 5

arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In determining a motion to strike, a district court must view the pleadings in the light most favorable to the pleader. *Taylor v. Quall*, 471 F. Supp. 2d 1053, 1059 (C.D. Cal. 2007); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

Here, viewing the pleadings in the light most favorable to Plaintiff, the additional allegations provide a factual background that the Madigan Defendants violated 35 U.S.C. §§ 271(a) & (c) based on the issue of piercing the corporate veil. To be sure, Plaintiff's additional allegations are serious. But motions to strike are disfavored and should not be granted unless it is clear that the matter to be stricken can have no possible bearing upon the subject matter of the litigation. *Naton v. Bank of Cal.*, 72 F.R.D. 550 (1976) (citing 2A J. Moore, Federal Practice, Section 12.2(2) at 244429 (2d. ed. 1975)). Plaintiff's additional claims directly address whether and how Madigan Defendants are personally liable for infringing the '768 patent. Accordingly, Defendant's motion to strike the first amended complaint is DENIED.

### D. Motion to Amend Complaint

Plaintiff asserts that its original Complaint sufficiently states a claim against the Madigan Defendants for patent infringement under 35 U.S.C. §§ 271(a), (b), and (c). Plaintiff nevertheless proposes a First Amended Complaint that corrects the initial Complaint's deficiencies, if any, and asserts more specific facts alleging the Madigan Defendants' personal involvement in infringing the '768 patent. (Ct. Rec. 63 at 6.) Madigan Defendants oppose Plaintiff's First Amended Complaint because it

ORDER \* 6

is designed "solely to harass, embarrass and annoy the Teligence entities and the Madigans, perhaps in the hopes of blackmailing an unfair settlement from them."  (Ct. Rec. 58 at 1.)

A motion to amend a complaint is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provide:

> A party may amend the party's pleading once as a matter of course at any time before a responsible pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED. R. CIV. P. 15(a).  While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178 (1962) (citations omitted); see *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality").

Here, taking into account Rule 15(a)'s liberal amendment policy, Plaintiff should be allowed to amend its complaint.  Plaintiff's additional allegations, if true, are relevant to establishing that the Madigan Defendants are personally liable for infringing the '768 Patent.  But most important is the fact that Defendants do not contest the proposed amendments as improper under Rule 15(a).  In exercising its discretion, a court must be guided by the underlying purpose of Rule 15 - to facilitate decisions on the merits rather than on the pleadings or technicalities.  *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)

ORDER \* 7

(citations omitted).  Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED.

### III. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Madigan Defendants' Motion to Dismiss Plaintiff DX/DY Voice Processing, Inc.'s Complaint for Patent Infringement **(Ct. Rec. 33)** is **DENIED.**

2. Madigan Defendants' Motion for Leave to Submit Unpublished Decisions in Support of Rule 12(b)(6) Motion to Dismiss Plaintiff DX/DY's COmplaint for Patent Infringement Against Defendants Robert Madigan and John Madigan **(Ct. Rec. 36)** is **DENIED.**

3. Madigan Defendants' Motion to Strike DX/DY's First Amended Complaint **(Ct. Rec. 58 at 16)** is **DENIED.**

4. Plaintiff's Motion for Leave to File Amended Complaint **(Ct. Rec. 41)** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___28th___ day of August 2007.


                        S/ Edward F. Shea
                         EDWARD F. SHEA
                   United States District Judge


Q:\Civil\2007\0059.Dismiss.Etc.wpd

ORDER * 8